IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Cypress Lake Software, Inc., | § | |
| | § | Civil Action No. 6:18-cv-00030-RWS |
| Plaintiff, | § | |
| | § | JURY TRIAL DEMANDED |
| | § | |
| v. | § | |
| | § | |
| Samsung Electronics America, Inc., | § | |
| | § | |
| Defendant. | § | |

# **SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Samsung Electronics America, Inc. (hereinafter "Samsung") respectfully moves this Court to dismiss with prejudice the claims of Plaintiff Cypress Lake Software Inc. (hereinafter "Plaintiff") with respect to indirect and willful infringement of all of the patents-in-suit, as well as Plaintiff's allegations of direct infringement of the '054 Patent specifically, for failure to state a claim.

## I.   INTRODUCTION

Plaintiff's Complaint, which accuses Samsung of infringing thirteen (13) patents, is deficient in a number of respects.  First, the Complaint purports to allege induced infringement and contributory infringement of each of the patents-in-suit by Samsung.  *See* Plaintiff's Complaint at ¶¶ 20, 33, 47, 60, 73, 87, 101, 117, 134, 148, 162, 180, 195.  Each of these counts against Samsung is alleged with identical language, with the only difference among counts being the specific patent number identified.  These boilerplate allegations fail to state facts sufficient to state a claim for either induced or contributory infringement.  To survive a motion to dismiss allegations of induced infringement, the party's complaint must allege facts that plausibly show, among other things, the defendant specifically intended its customers to infringe the patent and knew that the customers' acts constituted infringement. *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006).  The Complaint does not plead sufficient facts to support Samsung's alleged intent for third parties to commit acts that Samsung knew were infringing Plaintiff's patents.  This defect supports dismissal of Plaintiff's claim for induced infringement.

With respect to its allegations of contributory infringement, Plaintiff must plead facts sufficient to show that Samsung knew of the patents and further knew that its activities caused infringement of the patents.  *Commil USA, LLC v. Cisco Systems, Inc.*, 135 S. Ct. 1920, 1927 (2015).  The Complaint is clearly deficient in both respects.  Plaintiff is further required to plead

facts showing that the accused Samsung products have no substantial non-infringing uses. *Bill of Lading*, 681 F.3d 1323, 1337 (Fed. Cir. 2012). Plaintiff's Complaint merely provides a "formulaic recitation" of this claim element as a legal conclusion, which courts have repeatedly found insufficient. Accordingly, dismissal of Plaintiff's contributory infringement claims is also proper.

Plaintiff's Complaint repeats its pattern of providing boilerplate, verbatim recitations of claims for each of the patents-in-suit with identical paragraphs alleging willful infringement. *See* Plaintiff's Complaint at ¶ 22, 35, 49, 62, 75, 89, 103, 119, 136, 149, 164, 182, 197. Again, however, Plaintiff fails to satisfy the pleading requirements to avoid dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Plaintiff's willful infringement claims should be dismissed because the Complaint does not plead facts from which it can be plausibly inferred that Samsung acted with knowledge and intent sufficient to warrant the imposition of the penalty of enhanced damages for willful infringement. Instead, Plaintiff makes conclusory allegations of Samsung's knowledge purportedly obtained through "due diligence and freedom to operate analyses," and does not even make a pretense at alleging the characteristics of the required egregious misconduct set forth in *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). Nor does the filing of the Complaint standing alone provide the requisite knowledge for willfulness. Accordingly, Plaintiff's "threadbare recitals of claim elements and conclusory allegations" in its Complaint do not state a claim of willful infringement and those claims should be dismissed. *Iqbal*, 556 U.S. at 678-79.

Finally, Plaintiff's claim for direct infringement as to one of the patents, U.S. Patent No. 8,902,054 ("the '054 Patent"), is fatally deficient in that it alleges that the accused Samsung smartphones infringe its patents through the use of a third-party application known as "Android Auto," but fails to allege that this application is preinstalled on any of the accused phones or that

Samsung in any way directs purchasers of its accused phones to download that application after their purchase. Accordingly, Plaintiff's allegations of direct infringement of the '054 Patent should also be stricken.

## II. LEGAL STANDARD FOR DISMISSAL

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Twombly*, 550 U.S. at 555). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* (citing *Twombly*, 550 U.S. at 557). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The standard set forth in *Twombly* and *Iqbal* applies to claims of indirect infringement, willful infringement and direct infringement, and requires the Complaint to meet a particular pleading threshold. *See, e.g.*, *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012) (stating that a complaint for indirect infringement must contain facts plausibly showing that the alleged infringer specifically intended its customers to infringe).

"In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are

well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

A court may also "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This includes the ability to strike prayers for increased damages (i.e. for willful infringement) that are not supported by the factual allegations. *See, e.g.*, *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 n. 8 (5th Cir. 1995) ("[A]bsent any factual allegations however, the prayer standing alone cannot support a cause of action.") (quoting the district court's holding in the lower proceeding).

### III. ARGUMENT

#### A. Plaintiff's Complaint Fails to Adequately Plead Induced Infringement

Induced infringement under 35 U.S.C. § 271(b) requires showing "first that there has been direct infringement and second, that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005) (internal quotations and citation omitted). As for the requisite intent, "[L]iability for inducing infringement attaches only if ***the defendant knew of the patent and that 'the induced acts constitute patent infringement***.'" *Commil USA, LLC v. Cisco Systems, Inc.*, 135 S. Ct. 1920, 1926 (2015) (emphasis added) (quoting *Global–Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 131 S. Ct. 2060, 2068 (2011)); *Genband U.S. LLC v. Metaswitch Networks Corp.*, 2:14-cv-33-JRG-RSP, 2016 WL 7645424, at *1 (E.D. Tex. January 6, 2016). The intent required for induced infringement is the intent to "'bring about the desired result,' which is infringement." *Commil*, 135 S. Ct. at 1928. *Takeda Pharm. U.S.A. v. West-Ward Pharm.*, 785 F.3d at 630 (Fed. Cir. 2015) (providing "a lawful product by lawful means, [even] with the knowledge that an unaffiliated, third party may infringe, cannot, in and of

itself, constitute inducement of infringement.") Thus, "for an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer [Samsung] '*specifically intended* (another party) to infringe (the patent) and knew that the (other party's) acts constituted infringement." *Nalco Co. v. Chem-Mod, LLC,* 883 F.3d 1337, 1355 (Fed. Cir. 2018) (emphasis added); *see also Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427, at *3 (E.D. Tex. Aug. 14, 2015) (citing *Bill of Lading*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)); *Lochner Techs., LLC v. AT Labs Inc.*, 11-cv-0242, 2012 WL 2595288, at *2 (E.D. Tex. July 5, 2012).

Here, Plaintiff's Complaint fails to even mention such an intent, much less support it with factual allegations. The sum total of Complaint's indirect infringement allegations—which the Complaint parrots verbatim for each of the patents-in-suit—consists of the following vague and unsupported phrases:

- "Defendant has been and now is indirectly infringing by way of inducing infringement by others… of the [] Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the [] Patent."

- "Defendant is culpable for inducing its customers, retail partners, and/or end users of the Accused Devices to infringe the [] Patent."

- "Defendant had knowledge of the [] Patent at least as early as the service of this complaint and is thus liable for infringement of one or more claims of the [] Patent by actively inducing infringement…of one or more claims of the [] Patent under 35 U.S.C. § 271."

Plaintiff's Complaint at ¶¶ 20, 33, 47, 60, 73, 87, 101, 117, 134, 148, 162, 180, 195.

These threadbare allegations are insufficient to support the required inference that Samsung even knew third parties were infringing Plaintiff's patents, much less that Samsung specifically intended its "customers, retail partners and/or end users" to directly infringe those patents. *See Kyocera Wireless Corp. v. ITC,* 545 F.3d 1340, 1354 (Fed. Cir. 2008); *Motion Games, LLC v.*

*Nintendo Co.*, No. 12-CV-878, 2014 WL 11619163, at *6 (E.D. Tex. Mar. 7, 2014) (dismissing inducement claim where "[t]he complaint . . . fails to allege any facts that establish a plausible inference that [Defendant] had the specific intent to induce consumer users to infringe, and knowledge that those actions amounted to infringement"), *report and recommendation adopted*, 2014 WL 11538104 (E.D. Tex. Mar. 27, 2014). They are even markedly weaker than other such allegations that this Court has found wanting as a matter of law. *See, e.g., Core Wireless*, 2015 WL 4910427, at *4 (finding allegation of "provid[ing] instructive materials and information concerning operation and use of accused products" insufficient to plead specific intent); *see also Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-cv-384-LED-JDL, 2014 WL 12378807, at *3 (E.D. Tex. Mar. 5, 2014) (allegation that Toyota induced infringement of patents by "provid[ing] related services, specifications, and instructions for the installation and infringing operation of" the accused systems too conclusory to state a claim), *report and recommendation adopted*, 2014 WL 12482615 (E.D. Tex. Mar. 31, 2014); *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12-cv-366-MHS-JDL, 2013 WL 8482270, at *4 (E.D. Tex. Mar. 6, 2013) (dismissing inducement claim because allegations that "Yamaha 'supplies' infringing systems and components and provides 'instructions' to its customers who allegedly infringe do not create a reasonable inference of inducement.").

Simply put, Plaintiff does not allege any facts that establish a "plausible inference that [Samsung] had the specific intent to induce its customer's actions, and knowledge that those actions amounted to infringement." *Core Wireless,* 2015 WL 4910427 at *4. For that reason, Plaintiff's claim for induced infringement as to all patents-in-suit must be dismissed.

### B. Plaintiff's Allegations of Contributory Infringement Should Be Dismissed

Contributory infringement under 35 U.S.C. § 271(c) "occurs if a party sells or offers to

sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has *no substantial non-infringing uses*, and is known by the party, to be *especially made or especially adapted for use in an infringement of such patent*.'" *Bill of Lading*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (emphasis added) (citations omitted); *see also Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005). To state a claim for contributory infringement, Plaintiff "must plead sufficient facts to show: (1) direct infringement; (2) the accused infringer had knowledge of the patent; (3) the component has no substantial non-infringing uses; and (4) the component is a material part of the invention." *Cellular Communications Equipment LLC v. HTC Corp.*, Nos. 6:13-cv-507, 6:14-cv-759, 6:14-cv-982, 2015 WL 10936121, at *3 (E.D. Tex. Oct. 30, 2015). Like induced infringement, contributory infringement requires the defendant to have knowledge of the patent-in-suit and knowledge that his activity caused patent infringement. *Commil USA, LLC v. Cisco Systems, Inc.*, 135 S. Ct. 1920, 1926 (2015).

Furthermore, "in the context of a claim of contributory infringement under § 271(c), a substantial non-infringing use is any use that is 'not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.'" *In re Bill of Lading*, 681 F.3d at 1337 (quoting *Vita-Mix Corp. v. Basic Holdings, Inc.*, 581 F.3d 1317, 1327-29 (Fed. Cir. 2009)). Therefore, "[f]or purposes of contributory infringement, the inquiry focuses on whether the accused products can be used for purposes *other than* infringement," and not on whether the accused products would be infringing if they were used to perform the patented method. *Id.* at 1338 (emphasis in original).

Plaintiff's contributory infringement claims—like their claims of induced infringement—are vague, formulaic and wholly lacking in supporting factual allegations. Plaintiff avers merely that:

- "Defendant has been and now is indirectly infringing by way of…contributing to the infringement by others of the [] Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the [] Patent."

- "Such products have no substantial non-infringing uses and are for use in systems that infringe the [] Patent."

- Defendant had knowledge of the [] Patent at least as early as the service of this complaint and…is liable as contributory infringer of one or more claims of the [] Patent under 35 U.S.C. § 271."

Plaintiff's Complaint at ¶¶ 20, 33, 47, 60, 73, 87, 101, 117, 134, 148, 162, 180, 195.

As an initial matter, these conclusory statements fail to allege any pre-suit knowledge of the patents on Samsung's part. Even taking the Complaint in totality, Plaintiff mentions that it has "sued several other manufacturers and distributors of Android smartphones and Chromebooks in the last 15 months, including the Defendant itself," referring to earlier-filed lawsuits discussed elsewhere in the Complaint *(see* Plaintiff's Complaint at ¶ 11) as apparent support for its allegations of pre-suit knowledge of the patents. However, the Complaint clearly discloses on its face (at ¶ 11) that only six (6) of the thirteen (13) patents-in-suit here were part of that earlier-filed action. As to the remaining seven (7) patents—the '731, '054, '765, '858, '558, '838 and '878 patents—Plaintiff does not allege any facts that Samsung was even aware of these patents prior to the filing of the instant case. Even more significantly, for ***none*** of the thirteen patents-in-suit— even the six for which Plaintiff has alleged some pre-suit knowledge on Samsung's part—has Plaintiff made the necessary allegation, supported by facts, that Samsung knew that its activities were causing infringement (i.e., knowledge that Samsung's products were especially made or adapted for infringing the patents-in-suit). Again, "to be liable for contributory infringement, a defendant must know the acts were infringing." *Commil*, 135 S. Ct. at 1927.

In addition, Plaintiff's boilerplate averments of contributory infringement fail to provide

any factual allegations from which the Court may draw an inference against Samsung that the accused products have no substantial non-infringing uses. *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action . . . do not suffice."). Indeed, this Court has repeatedly rejected such bald allegations as providing insufficient factual support. *See, e.g., Cellular Commc'ns Equip. LLC v. HTC Corp.*, No. 6:13-cv-507, 2015 WL 11118110, at *5 (E.D. Tex. Mar. 27, 2015) ("Plaintiff's allegations do not support a plausible inference that the accused devices or components thereof cannot be used for any other purpose than infringement."); *Soverain Software LLC v. Euromarket Designs, Inc.*, 6:12-cv-145, Doc. 54, Slip Op. at 9 (E.D. Tex. March 21, 2014) (dismissing claim where "the complaint fails to provide any factual support for the conclusion that the accused systems and methods cannot be used for any other purpose but infringement"); *Motion Games*, 2014 WL 11619163, at *6 (dismissing allegation where "[t]he complaint is further devoid of any allegation from which the Court can plausibly infer that the software has no substantial non-infringing uses"); *Norman IP*, 2014 WL 12378807, at *4 (dismissing contributory infringement allegation where "[t]he extent of Norman's relevant allegation is that 'the infringing controllers have no substantial non-infringing uses'" because "Norman has provided no factual support that would allow this Court 'to draw [a] reasonable inference that [Crestron] is liable for the misconduct alleged'") (internal citations omitted); *see also Core Wireless*, 2015 WL 5000397, at *5 ("[W]ith such a lack of clarity and specificity, it is impossible to derive a plausible inference that the accused hardware/software has no substantial non-infringing uses.").

Of course, the Court need only rely on its "own judicial experience and common sense," *Iqbal*, 556 U.S. at 679, to conclude that the accused Samsung smartphones and tablets are capable

of thousands of substantial non-infringing uses, such as making phone calls. Plaintiff's unsupported conclusion that there are no substantial non-infringing uses for the accused products (smartphones and tablets) is insufficient to state a claim under Rule 12(b)(6). *See, e.g., Motion Games*, 2014 WL 11619163, at *6 (dismissing pursuant to Rule 12(b)(6) contributory infringement claim including only conclusory statement that Defendant's accused products "do not have substantial non-infringing uses"). Plaintiff likewise provides no support for any implied assertions that any particular components or "features" of the accused products that Plaintiff might purport to isolate have no substantial non-infringing uses. Again, Plaintiff's Complaint is facially deficient and its contributory infringement allegations should be dismissed.

### C. Plaintiff's Allegations of Willful Infringement Should be Dismissed

As with direct and indirect infringement claims, "claims for … willful infringement must be judged by the pleading standards articulated in *Twombly* and *Iqbal*." *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12-cv-366 MHS-JDL, 2013 WL 8482270, at *3 (E.D. Tex. Mar. 6, 2013). A willful infringement claim requires that the alleged infringer engaged in "egregious . . .misconduct beyond typical infringement." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016). Egregious conduct "can be described as 'willful, wanton, malicious bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate.'" *Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*, No. 2:15-CV-1274-JRG-RSP, 2016 WL 4778699, at *2 (E.D. Tex. Aug. 19, 2016) (quoting *Halo*, 136 S. Ct. at 1932), *report and recommendation adopted*, No. 2:15-CV-1274-JRG-RSP, 2016 WL 4771291 (E.D. Tex. Sept. 13, 2016). Alleged knowledge of the patent alone cannot support a willful infringement claim. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016); *see also id.* at 1936 (Breyer, J., concurring) ("[T]he Court's references to 'willful misconduct' do not mean that a court may award enhanced

damages simply because the evidence shows that the infringer knew about the patent and nothing more.").

The Court should dismiss Plaintiff's willful infringement claims because Plaintiff has not pled facts that would allow any inference—let alone a plausible inference—that Samsung engaged in egregious conduct. The Complaint merely contains a boilerplate recital (again, repeated verbatim for every patent-in-suit) that:

- "Defendant has had actual knowledge of Cypress's rights in the [] patent and details of Defendant's infringement based on at least the filing and service of this complaint. Additionally, Defendant had knowledge of the [] patent and its infringement in the course of Defendant's due diligence and freedom to operate analyses. Defendant's infringement of the [] Patent has been and continues to be willful. Cypress has sued several other manufacturers and distributors of Android smartphones and Chromebooks in the last 15 months, including the Defendant itself."

Plaintiff's Complaint at ¶¶ 22, 35, 49, 62, 75, 89, 103, 119, 136, 149, 164, 182, 197.

These conclusory statements do not plausibly state a claim for willful infringement because Plaintiff does not allege "willful, wanton, malicious bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate" conduct by Samsung. *Halo*, 136 S. Ct. at 1932. Plaintiff's boilerplate allegations do not "allow a trier of fact to conclude that [a defendant] acted with a level of intent that is more culpable than the typical infringer." *Monolithic Power Sys., Inc. v. Silergy Corp.*, 127 F. Supp. 3d 1071, 1077 (N.D. Cal. 2015) (granting motion to dismiss willful infringement claims); *see also Varian Medical Sys., Inc. v. Elekta AB*, No. 15-871-LPS, 2016 WL 3748772, at *8 (D. Del. Jul. 12, 2016) (dismissing claims because the complaint did not sufficiently articulate how "making, using or offering for sale [the accused products] actually amount[s] to an egregious case of infringement"), *report and recommendation adopted*, No. 15-871-LPS, 2016 WL 9307500 (D. Del. Dec. 23, 2016); *Princeton Dig. Image Corp. v. Ubisoft Entm't SA*, No. 13-CV-335-LPS, 2016 WL 6594076, at *11-12 (D. Del. Nov. 4, 2016); *Jenkins v.*

*LogicMark, LLC*, No. 3:16-751, 2017 WL 376154, at *5-6 (E.D. Va. Jan. 25, 2017).

Indeed, Plaintiff's only alleged *facts* concern Samsung's putative **knowledge** of the existence of the patents, which is insufficient to support a claim for willfulness. *Halo*, 136 S. Ct. at 1933, 1936; *see also Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-00011-RSP, 2017 WL 5137401, at *5 (E.D. Tex. Nov. 4, 2017) ("As this Court has recognized knowledge of an asserted patent, without more, cannot justify enhanced damages under the *Halo* standard. . . [C]ulpable conduct is required, but the culpable conduct must be egregious, *i.e.*, **outrageous or shocking**.") (citation omitted). Plaintiff fails to allege any facts suggesting that Samsung's conduct was culpable, outrageous, shocking, or willful in any way.

Furthermore, patentees must ground willful infringement claims in pre-filing conduct, and "pre-suit knowledge of the asserted patent is generally required to maintain a claim of willfulness." *Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-cv-00325-JRG, Dkt. 34, slip. op. at 3 (E.D. Tex. Oct. 19, 2016); *see also Bush Seismic Techs., LLC v. Global Geophysical Servs., Inc.*, No. 2:15-cv-01809-JRG, Dkt. 44, slip op. at 4-5 (E.D. Tex. Apr. 13, 2016) (finding that willful infringement claims "grounded exclusively in conduct occurring as of and after the filing of its complaint" had not been sufficiently pleaded and could not survive a motion to dismiss, in part because, at the time of filing, plaintiffs are "required to have a good faith basis for alleging willful [] infringement.") As discussed above, Plaintiff apparently relies upon earlier-filed lawsuits asserting some of the patents-in-suit in the instant case as support for its willfulness allegations. (*See* Plaintiff's Complaint at ¶ 11). Again, mere knowledge of a patent is not enough to support an allegation of willfulness. Further, as discussed above, the Complaint itself confirms that that only six (6) of the thirteen (13) patents-in-suit here were part of those earlier-filed cases. As to the remaining seven (7) patents—the '731, '054, '765, '858, '558, '838 and '878 patents—Plaintiff

does not allege any pre-suit awareness at all. That Plaintiff's allegations of knowledge with respect to the six patents for which Plaintiff previously sued Samsung for infringement are ***word-for-word identical*** to those for the seven patents for which the instant suit (filed 15 months later), by Plaintiff's own admission, served as Samsung's first notice of those patents clearly illustrates the indiscriminate nature of Plaintiff's willfulness allegations and boilerplate pleading in general.

Even more speculatively, Plaintiff makes another rote allegation that Samsung gained knowledge of the all thirteen of the patents-in-suit "in the course of Defendant's due diligence and freedom to operate analyses." That bald assertion—pled without any supporting facts—cannot support an inference that Samsung knew of the patents. There is absolutely no support provided anywhere in the Complaint with respect to what these "due diligence and freedom to operate analyses" entailed, or how they necessarily would have (and did) make Samsung aware of the patents-in-suit, or when. "Courts … have universally—either in word or deed—required plaintiffs to plead facts showing willfulness," which Plaintiff has not done. *Continental Circuits LLC v. Intel Corp.*, No. 16-cv-2026-DGC, 2017 WL 2651709, at *7 (D. Ariz. June 16, 2017), citing *Finjan, Inc. v. Cisco Sys.*, No. 17-cv-72, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017); *CG Tech. Dev., LLC v. FanDuel, Inc.*, No. 16-cv-801, 2017 WL 58572, at *6 (D. Nev. Jan. 4, 2017).

The complete absence of any such support for these allegations of pre-suit knowledge, coupled with Plaintiff's failure to even allege (much less support) that Samsung's conduct was "willful, wanton, malicious bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate" compels dismissal of Plaintiff's willful infringement allegations as well. *Varian Med. Sys., Inc. v. Elekta AB*, No. 15-cv-871, 2016 WL 3748772, at *8 (D. Del. July 12, 2016) ("[T]he Complaint does not sufficiently articulate how the U.S. Defendants' making, using or offering for sale of the Gamma Knife Icon actually amounted to an egregious case of

infringement of the patent. Plaintiff's pre-suit and post-suit willful infringement claim against the U.S. Defendants is thus subject to dismissal."); *CG Tech. Dev., LLC v. Zynga, Inc.*, No. 2:16-cv-859-RCJ-VCF, 2017 WL 662489, at *4-5 (D. Nev. Feb. 17, 2017) (dismissing willful infringement claim where "Plaintiffs have simply made the conclusory allegations that Defendant was aware of the [] Patent and that the 'continued offer, use, and promotion of its infringing social casino products … constitutes willful and egregious infringement behavior'").

### D. Plaintiff's Direct Infringement Claim Against the '054 Patent Should be Dismissed

The standards of *Iqbal* and *Twombly* also control the determination of the adequacy of pleading claims of direct infringement. *See, e.g., Ruby Sands LLC v. Am. Nat'l Bank of Texas*, No. 2:15-cv-1955-JRG, 2016 WL 3542430, at *2 (E.D. Tex. June 28, 2016) ("Given the abrogation of Rule 84, Form 18 no longer provides a safe harbor for direct infringement claims."). Thus, "a plaintiff must explicitly plead facts to plausibly support the assertion that a defendant 'without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent.'" *Id.* (quoting 35 U.S.C. §271(a)).

Plaintiff alleges that Samsung's accused smartphones infringe "at least" Claim 1 of the '054 Patent through their use of an application referred to in the Complaint as "Android Auto." (Plaintiff's Complaint at ¶ 69-72). However, Plaintiff does not allege (nor could it) that any of the accused smartphones come with Android Auto preinstalled by Samsung. In point of fact, the exact opposite is true—none of the accused smartphones are made, used, or sold with the Android Auto application pre-loaded on them. Android Auto, like the majority of "apps," must be downloaded and installed on the smartphone by the individual user, as desired, after purchasing the device. Accordingly, Plaintiff fails to plausibly allege that Samsung directly infringes the claims of the '054 patent.

Moreover, although it is not alleged in the Complaint, to the extent that Plaintiff argues that users downloading the Android Auto app are somehow acting in concert with Samsung to infringe the '054 Patent, the Complaint is devoid of any allegations of joint infringement. To plead joint infringement, Plaintiff must allege "facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercise the requisite 'direction or control' over the others' performance or (2) the actors from a joint enterprise such that performance of every step is attributable to the controlling party." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016) (citing *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc)). However, Plaintiff has not included any factual allegations in its Complaint to support an inference that Samsung directs or controls purchasers of its smartphones in installing the Android Auto app after their purchase of an accused Samsung smartphone, or any other third party's allegedly infringing actions. Because the Complaint fails to plausibly state a claim of direct infringement of the '054 Patent and does not satisfy even minimal notice pleading requirements, these allegations must be dismissed pursuant to Rule 12(b)(6).

### IV.   CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court grant its motion to dismiss the Plaintiff's claims for direct infringement with respect to the '054 Patent, as well as Plaintiff's claims for induced infringement, contributory infringement, and willful infringement as to all of the patents-in-suit, with prejudice.

Dated:  April 5, 2018                                          Respectfully submitted,

*/s/ Michael E. Jones*
Michael E. Jones
SBN: 10929400
POTTER MINTON, PC
110 North College, Suite 500

        Tyler, Texas 75702
        Tel: 903-597-8311
        Fax: 903-593-0843
        mikejones@potterminton.com

        Timothy S. Durst
        SBN: 00786924
        BAKER BOTTS L.L.P.
        2001 Ross Avenue
        Dallas, TX 75201
        Tel.: 214-953-6500
        Fax.: 214-953-6503
        tim.durst@bakerbotts.com

        Neil P. Sirota
        Robert L. Maier
        BAKER BOTTS L.L.P.
        30 Rockefeller Plaza
        New York, NY 10112
        Tel: 212-408-2500
        Fax: 212-408-2501
        neil.sirota@bakerbotts.com
        robert.maier@bakerbotts.com

        *Counsel for Defendant Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 5th day of April, 2018.

        */s/ Michael E. Jones*
        Michael E. Jones