IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CYPRESS LAKE SOFTWARE, INC. | § | |
| | § | Civil Action No. 6:18-CV-00030-RWS |
| Plaintiff, | § | |
| | § | |
| vs. | § | Lead Case |
| | § | |
| SAMSUNG ELECTRONICS AMERICA, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

---

| | | |
|---|---|---|
| CYPRESS LAKE SOFTWARE, INC., | § | |
| | § | Civil Action No. 6:18-CV-00138-RWS |
| Plaintiff, | § | |
| | § | |
| vs. | § | Consolidated Case |
| | § | |
| DELL INC. | § | |
| | § | |
| Defendant. | § | |

**DELL INC.'S MOTION TO DISMISS UNDER RULE 12(B)(6) FOR RES JUDICATA**

## TABLE OF CONTENTS

**Page**


I. INTRODUCTION ........ 1

II. STATEMENT OF THE ISSUE TO BE DECIDED ........ 1

III. BACKGROUND ........ 2

- A. The First Case Brought By Cypress Against Dell Involving The Asserted Patents ........ 2
- B. The Second Case Involving Patents That Cypress Asserted Or Could Have Asserted In The First Case ........ 3

IV. LEGAL STANDARD ........ 4

V. ARGUMENT ........ 5

- A. Factor 1: Cypress And Dell Are Parties To Both The First Case And The Second Case ........ 6
- B. Factor 2: This Court Had Proper Jurisdiction Over The First Case ........ 7
- C. Factor 3: The First Case Was Resolved With A Final Judgment On The Merits ........ 7
- D. Factor 4: The First Case And The Second Case Involve The Same Causes of Action ........ 7
  - 1. Res Judicata Bars Cypress' Assertion of The Four Patents Already Adjudged In The First Case ........ 7
  - 2. Res Judicata Bars Cypress' Assertion of Two Patents That Existed During The First Case And Should Have Been Asserted In That Case ........ 10
  - 3. Res Judicata Bars Cypress' Assertion Of The '558 Patent Because Its Claims Are Patentably Indistinct From Those Of The Previously Litigated '264 Patent ........ 11

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Acumed LLC v. Stryker Corp.*,
525 F.3d 1319 (Fed. Cir. 2008)....5, 8, 9

*Allen v. McCurry*,
449 U.S. 90 (1980)....1

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....9

*Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*,
672 F.3d 1335 (Fed. Cir. 2012)....12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....9, 10

*Brain Life, LLC v. Elekta Inc.*,
746 F.3d 1045 (Fed. Cir. 2014)....5, 7

*Cypress Lake Software, Inc. v. Dell Inc.*,
Case No. 6:16-cv-01245-RWS, Dkt. No. 1 .... *passim*

*Duffie v. United States*,
600 F.3d 362 (5th Cir. 2010) ....5, 6

*Federated Dept. Stores, Inc. v. Moitie*,
452 U.S. 394 (1981)....8

*Funk v. Stryker Corp.*,
631 F.3d 777 (5th Cir. 2011) ....5

*Hallco Mfg. Co. v. Foster*,
256 F.3d 1290 (Fed. Cir. 2001)....7

*Houston Prof'l Towing Ass'n v. City of Houston*,
812 F.3d 443 (5th Cir. 2016) ....5

*In re Howe*,
913 F.2d 1138 (5th Cir. 1990) ....11

*Langston v. Ins. Co. of N. Am.*,
827 F.2d 1044 (5th Cir. 1987) ....................11

*Lawlor v. Nat'l Screen Serv. Corp.*,
349 U.S. 322 (1955)....................4

*New Hampshire v. Maine*,
532 U.S. 742 (2001)....................4

*Nilsen v. City of Moss Point*,
701 F.2d 556 (5th Cir. 1983) (en banc) ....................1, 7

*Senju Pharm. Co. v. Apotex Inc.*,
746 F.3d 1344 (Fed. Cir. 2014)....................1, 5, 8, 12

*Simple Air, Inc. v. Google Inc.*,
204 F. Supp. 3d 908 (E.D. Tex. 2016 ....................10

*SimpleAir, Inc. v. Google LLC*,
884 F.3d 1160 (Fed. Cir. 2018)....................4, 11, 12

*Test Masters Educ. Servs. v. Singh*,
428 F.3d 559 (5th Cir. 2005) ....................4, 8

*Transco Prod. Inc. v. Performance Contracting, Inc.*,
38 F.3d 551 (Fed. Cir. 1994)....................10

**STATUTES**

35 U.S.C. § 271....................8

## I. INTRODUCTION

For the second time in less than a year, Dell Inc. ("Dell") is forced to defend against Cypress Lake's ("Cypress'") infringement claims based on four patents that were previously asserted and other patents that could have (and should have) been raised in a prior litigation between the same parties. In the first litigation, Dell prevailed by a stipulated dismissal with prejudice. Yet, in this second case, Cypress again seeks to assert the same patents against products within the scope of Cypress' previously adjudicated infringement claims. Cypress' attempt at "a second bite at the apple … is exactly what claim preclusion [res judicata] is designed to prevent." *Senju Pharm. Co. v. Apotex Inc.,* 746 F.3d 1344, 1353 (Fed. Cir. 2014).

Res judicata "insures the finality of judgments and thereby … protects litigants from multiple lawsuits." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Cypress' present complaint is the type of serial litigation involving previously asserted patents that is prohibited by res judicata. As Cypress' complaint admits, "Cypress filed this lawsuit to continue, without interruption, litigation of its other counts of infringement to accommodate Dell's request that Android products not listed in the original complaint should be included in a separate lawsuit." Though Cypress tries to blunt the dismissal of the prior suit by asserting that it was done at "Dell's request," that assertion is contrary to, and cannot undo, the fact that Cypress' broad claims of infringement were dismissed with prejudice. In such circumstances, res judicata bars Cypress' claims because "one who has a choice of more than one remedy for a given wrong ... may not assert them serially, in successive actions, but must advance all at once on pain of bar." *Nilsen v. City of Moss Point*, 701 F.2d 556, 560 (5th Cir. 1983) (en banc).

## II. STATEMENT OF THE ISSUE TO BE DECIDED

Does the doctrine of res judicata (claim preclusion) bar Cypress from maintaining a successive suit against Dell given that Cypress previously asserted the same patents against Dell

in a prior litigation that this Court dismissed with prejudice?

## III. BACKGROUND

### A. The First Case Brought By Cypress Against Dell Involving The Asserted Patents

On October 28, 2016, Cypress filed a complaint asserting that Dell infringed six patents: (i) U.S. Patent No. 8,781,299 ("the '299 patent"); (ii) U.S. Patent No. 8,661,361 ("the '361 patent"); (iii) U.S. Patent No. 8.983,264 ("the '264 patent"); (iv) U.S. Patent No. 9,423,954 ("the '954 patent"); (v) U.S. Patent No. 9,423,923; and (vi) U.S. Patent No. 9,423,938. (Ex. A, *Cypress Lake Software, Inc. v. Dell Inc.*, Case No. 6:16-cv-01245-RWS ("First Case"), Dkt. No. 1 at 1.) Cypress again asserts those same first four patents against Dell in this case. (Dkt. No. 1 at 1-2.)[1]

The complaint in the First Case included a section, entitled "Accused Products," that identified certain of the allegedly infringing Dell products. (Ex. A at ¶ 8.) Cypress' enumerated counts of infringement, however, broadly accused both the Accused Products and any other "products and devices that embody the patented invention[s]." (*Id.* at ¶¶ 15, 23, 31, 55.) For example, Cypress' claim for infringement of the '299 patent provided that:

> Without a license or permission from Cypress, [Dell] has infringed and continues to infringe one or more claims of the '299 Patent—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling ***products and devices that embody the patented invention, including, without limitation, one or more of the Accused Products***, in violation of 35 U.S.C. § 271.

(*Id.* at ¶ 15.)[2] Cypress pled the same causes of action for infringement regarding the '361, '264, and '954 patents. (*Id.* at ¶¶ 23, 31, 55.) As clear from the face of its complaint, Cypress'

---

[1] Cypress also sued Dell for patent infringement in November 2015. That case was dismissed in March 2016. *See* 6:15-cv-01107-RWS at Dkt. Nos. 1, 24. There, Cypress asserted U.S. Patent No. 8,780,130; the '130 patent is the parent of the '954 patent asserted both here and in the First Case.

[2] Emphasis is added throughout unless indicated otherwise.

infringement claims in the First Case encompassed all products and devices that allegedly practiced the asserted patents "without limitation" to any specific "Accused Products."

On August 9, 2017, this Court "dismissed with prejudice" Cypress' First Case against Dell. Given the parties' stipulated dismissal, this Court's order was unequivocal:

> The Court, having considered Plaintiff's Agreed Motion to Dismiss Dell, Inc., hereby Grants the motion. It is ORDERED that Plaintiff's claims against Defendant Dell Inc. in this above-captioned matter are DISMISSED WITH PREJUDICE.

(Case No. 6:16-cv-01245-RWS, Dkt. No. 89.) Importantly, just like Cypress' complaint, the stipulated dismissal was not restricted to only the "Accused Products." Rather, consistent with broad scope of the causes of action for infringement set forth in Cypress' complaint, the dismissal addressed all of Cypress' "claims against Defendant Dell" without limitation to the "Accused Products." (*Id.*)

**B. The Second Case Involving Patents That Cypress Asserted Or Could Have Asserted In The First Case**

On March 22, 2018, Cypress filed a second case against Dell, in which it asserts four of the same patents that were at issue in the First Case (the '264, '299, '361, and '954 patents) and three additional patents (U.S. Patent Nos. 8,422,858 ("the '858 patent"); 8,787,731 ("the '731 patent"); and 9,817,558 ("the '558 patent"). Each of the three additional patents is related to the '264 patent that was at issue in the First Case—the '858 patent is the parent of the '264 patent, and the '731 and '558 patents are both continuations of the '858 patent. The '858 patent (issued April 16, 2013), and the '731 patent (issued July 22, 2014) both existed prior to Cypress' filing of the First Case. (Dkt. No. 1 at ¶¶ 15, 43.) Although the '558 patent issued after Cypress filed the First Case, the claims of that patent are patentably indistinct from the claims of the '264 patent, as established by the terminal disclaimer that Cypress filed during prosecution.

Moreover, Cypress' complaint confirms that this case is merely an attempt to prolong and re-litigate the causes of action already adjudicated in the First Case. The complaint states that Cypress "originally provided Dell with *notice of its infringement*" in the First Case:

> Cypress originally provided Dell notice of its infringement in *Cypress Lake Software, Inc. v. Dell, Inc.*, Case No. 6:16-cv-1245-RWS (E.D. Tex. Oct. 28, 2016), asserting infringement of U.S. Patent Nos. 8,781,299, 8,661,361, 8,983,264, 9,423,923, 9,423,938, and 9,423,954. (Those patents, as well as others, are also asserted in the instant case.)

(Dkt. No. 1 at ¶ 13.) Cypress' complaint further states that "Cypress filed this lawsuit *to continue, without interruption, litigation* of its other counts of infringement" from the First Case. (*Id.*) While Cypress now attempts to justify this case as addressing "Android products not listed in original complaint," that position is contrary to the scope of the infringement counts in the complaint in the First Case, as well as the plain language of the Dismissal Order. Cypress' assertion is also legally irrelevant because there is no dispute that such products existed at the time of the First Case.

## IV. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), counts in a complaint are properly dismissed when they fail to state a claim upon which relief can be granted. The Supreme Court instructs that "a judgment 'on the merits' in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action." *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 326 (1955). Res judicata "foreclose[es] successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001); *see SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1165 (Fed. Cir. 2018) (same). Whether claims are barred by res judicata is a legal question that is properly resolved through a motion to dismiss. *See Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005); *SimpleAir*, 884 F.3d at 1165.

The Fifth Circuit applies a four-factor test when barring claims under res judicata: (1) the parties in the earlier case are identical to the parties in the later case; (2) the judgment in the earlier case was rendered by a court with proper jurisdiction; (3) there has been a final judgment on the merits; and (4) the earlier case and later case involve the same cause of action. *See Duffie v. United States*, 600 F.3d 362, 372 (5th Cir. 2010). For cases involving claims for patent infringement, courts apply Federal Circuit law to determine whether a cause of action in an earlier case is the same as the later case. *See Senju*, 746 F.3d at 1348. To assess whether the causes of action are the same, the Federal Circuit applies a "transactional test" that evaluates "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Acumed LLC v. Stryker Corp*., 525 F.3d 1319, 1323-24 (Fed. Cir. 2008); *see Houston Prof'l Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016) (directing that Fifth Circuit also applies the "transactional test" for res judicata).

## V. ARGUMENT

The fundamental purpose of res judicata is to preclude serial litigation of claims that were, or should have been, asserted in a prior action. It makes no difference whether the claims were actually litigated or asserted in a prior action because "claim preclusion bars both claims that were brought as well as those that *could have* been brought." *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1053 (Fed. Cir. 2014) (original emphasis); *see Duffie,* 600 F.3d at 372 ("Claim preclusion bars the litigation of claims that either have been litigated *or should have been raised* in an earlier suit.").

Because Cypress' claims that Dell infringed the '299, '264, '361, and '954 patents were asserted in the First Case and dismissed with prejudice, those claims are barred by res judicata. Further, given that the '858 and '731 patents are closely related to the '264 patent that was at

issue in the First case, and existed at the time Cypress filed the First Case, any causes of action for infringement of those patents could have been and should have been raised in that case. Thus, such claims are also barred by res judicata. Finally, because the claims of the ’558 patent are also patentably indistinct from the claims of the previously adjudicated ’264 patent, the infringement claims as to both patents are essentially the same, and the ’558 patents are likewise barred by res judicata.

As explained below, this case satisfies each factor necessary to apply res judicata to Cypress’ claims of patent infringement.

### A. Factor 1: Cypress And Dell Are Parties To Both The First Case And The Second Case

There can be no real dispute that Cypress and Dell were parties to the First Case (*see* Ex. A) and are the same parties to this case (*see* Dkt. No. 1). Cypress’ complaint recognizes this fact:

> Cypress originally provided Dell notice of its infringement in *Cypress Lake Software, Inc. v. Dell, Inc*., Case No. 6:16-cv-1245-RWS (E.D. Tex. Oct. 28, 2016), asserting infringement of U.S. Patent Nos. 8,781,299, 8,661,361, 8,983,264, 9,423,923, 9,423,938, and 9,423,954. (Those patents, as well as others, are also asserted in the instant case.).

(Dkt. No. 1 at ¶ 13.)

### B. Factor 2: This Court Had Proper Jurisdiction Over The First Case

There can be no dispute that this Court had proper jurisdiction over the First Case, especially given that Cypress affirmatively filed that case in this District.

### C. Factor 3: The First Case Was Resolved With A Final Judgment On The Merits

“Claim preclusion applies whether the judgment of the court is rendered after trial and imposed by the court *or the judgment is entered upon the consent of the parties*.” *Brain Life*, 746 F.3d at 1053. Here, the First Case was dismissed with prejudice, resolving that case with a final

judgment, based on the parties' stipulated dismissal. *See* 6:16-cv-1245 at Dkt. No. 89. "[T]here is no legally dispositive difference for claim preclusion purposes between a consent judgment based on a settlement … and a dismissal with prejudice which is based on a settlement." *Hallco Mfg. Co. v. Foster*, 256 F.3d 1290, 1297 (Fed. Cir. 2001).

**D. Factor 4: The First Case And The Second Case Involve The Same Causes of Action**

As discussed above, "claim preclusion bars both claims that were brought as well as those that *could have been brought*." *Brain Life*, 746 F.3d at 1053 (original emphasis). To that end, "it is black-letter law that res judicata … bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication ... *not merely those that were adjudicated*." *Nilsen v. City of Moss Point*, 701 F.2d 556, 560 (5th Cir. 1983) (en banc). A straightforward application of these principles to the present case establishes that Cypress' claims are barred.

**1. Res Judicata Bars Cypress' Assertion of The Four Patents Already Adjudged In The First Case**

Courts have long recognized that "public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest and that matters once tried shall be considered forever settled as between the parties." *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981); *see Test Master*, 428 F.3d at 574 (same). Cypress already took its "bite at the apple" during the First Case when it asserted causes of action for infringement of the '264, '299, '731, and '954 patents against all Dell's "products and devices that embody the patented invention, *including, without limitation,* one or more of the Accused Products, in violation of 35 U.S.C. § 271." (Case No. 6:16-cv-01245-RWS, Dkt. No. 1 at ¶¶ 15, 23, 31, 55.) Having dismissed the First Case with prejudice, Cypress should not be allowed any

more bites at the infringement apple based on the same four patents. In fact, "that is exactly what claim preclusion is designed to prevent." *Senju*, 746 F.3d at 1348.

Evaluating whether a later case and an earlier case involve the same cause of action is an inquiry guided by the "underlying policies that claim preclusion is designed to further," namely "efficiency and finality." *Id.* at 1348-49. To that end, the Federal Circuit instructs courts to apply a "transactional test" and consider "whether the facts [of the causes of action in the two cases] are related in time, space, origin, motivation, whether they form a convenient trial unit, and whether their treatment as unit conforms to the parties' expectations or business understandings or usage." *Acumed*, 525 F.3d at 1323-24. On this issue, Cypress' own complaint is decisive.

Cypress' complaint is unequivocal that "Cypress *originally provided Dell notice of its infringement* in [the First Case]." (Dkt. No. 1 at ¶ 13.) Cypress also acknowledges both the First Case and this case involve claims for infringement of the '299, '361, '264, and '954 patents. (*Id.*) Cypress' complaint further represents that this case is simply a "continu[ation]" of the First Case because "Cypress flied this lawsuit *to continue, without interruption, litigation* of its other counts of infringement." (*Id.*) Indeed, it is difficult to imagine a better example of two causes of action arising from the same transaction than the present circumstances, where the causes of action in this case are brought "to continue, without interruption" the claims previously asserted in the First Case. Simply put, Cypress' own complaint demonstrates that the infringement claims for the '299, '264, '361, and '954 patents are not only related, but are identical "in time, space, origin, [and] motivation." *Acumed*, 525 F.3d at 1324.

Moreover, consideration of "the parties' expectation or business understanding" confirms that the First Case and this case involve the same claims. The complaint in the First Case

broadly framed the infringement claims against Dell as covering any "product[] and device[] that embod[ies] the patented invention, including, without limitation, one or more of the Accused Products." (Ex. A at ¶¶ 15, 23, 31, 55.) The dismissal order then extinguished all such claims by dismissing with prejudice "Plaintiff's claims against Defendant Dell Inc. in the above-captioned matter." (Case No. 6:16-cv-01245-RWS, Dkt. No. 89.) Accordingly, the plain language of the complaint and dismissal demonstrates the parties' understanding that all claims against Dell were dismissed with prejudice—including those that Cypress seeks to relitigate in this case. The parties' understanding is cemented by the fact that Cypress dismissed its claims against other defendants in the First Case "without prejudice," thus clearly demonstrating that the dismissal of the First Case against Dell was intended to be final.

To pass muster, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Establishing plausibility requires that a complaint must "plead[] factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Cypress' complaint fails to do so. Instead, Cypress offers cursory assertions attempting recast the scope of the complaint and dismissal in the First Case. Those assertions cannot undo the language of those documents, nor can they defeat a motion to dismiss. A plaintiff must provide "more than labels and conclusions" to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. Cypress' allegations that this case and the First Case somehow involve separate claims are refuted by its own pleadings in the First Case and fail to make plausible its claims for infringement in this case.

In short, Cypress affirmatively chose to broadly cast its infringement claims in the complaint in the First Case, and Cypress affirmatively stipulated to a dismissal with prejudice

that was commensurate with the scope of the infringement claims in that complaint. Having done so, Cypress cannot resuscitate those claims in yet another action. As courts in this District make clear: "***Strategic decisions by litigants have consequences,*** and courts are obligated not to allow such strategies to chip away at the foundational principle of judicial finality. Finality gives birth to reliability." *Simple Air, Inc. v. Google Inc.*, 204 F. Supp. 3d 908, 915 (E.D. Tex. 2016), *remanded for further consideration*, 884 F.3d 1160.

**2. Res Judicata Bars Cypress' Assertion of Two Patents That Existed During The First Case And Should Have Been Asserted In That Case**

Claim preclusion applies with equal force to Cypress' infringement claims based on the '858 and '731 patents because Cypress could have, and should have, asserted infringement of those closely-related patents in the First Case. There is no dispute that: (i) the '731 patent and previously adjudicated '264 patent are continuations of the '858 patent; (ii) all three patents are subject to a common terminal disclaimer; and (iii) all three patents share the same title, inventor, and specification. "[T]he Supreme Court note[s] that a continuing application and the application on which it is based are considered part of the same transaction constituting one continuous application." *Transco Prod. Inc. v. Performance Contracting, Inc.*, 38 F.3d 551, 556 (Fed. Cir. 1994) (citing Supreme Court precedent).

Moreover, the '731 and '858 patents were issued by the Patent Office more than two years before Cypress filed the First Case. Cypress affirmatively and strategically elected not to assert the '858 and '731 patents in that case. Res judicata prohibits Cypress from withholding these claims only to assert them here in a subsequent litigation. *See, e.g., In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990) (explaining that res judicata extends beyond claims actually raised and covers all claims that "could have been advanced in support of the cause of action on the occasion of its former adjudication"). As the Fifth Circuit instructs, a plaintiff must exercise

diligence to ensure that all possible causes of action are timely asserted at the risk of being precluded in future litigation: "Res judicata or claim preclusion bar all claims that were or could have been advanced in support of the cause of action adjudicated ... not merely those that were actually adjudicated." *Langston v. Ins. Co. of N. Am.*, 827 F.2d 1044, 1047 (5th Cir. 1987). In fact, the Fifth Circuit has "voiced its intolerance for the splitting of a claim or cause of action into two suits as well as condemned the dilatory action of a plaintiff in failing to amend a pending action with the same factual basis as a second filed suit." *Id.* at 1048. Yet that it is precisely what Cypress attempts do here.

### 3. Res Judicata Bars Cypress' Assertion Of The '558 Patent Because Its Claims Are Patentably Indistinct From Those Of The Previously Litigated '264 Patent

Claim preclusion likewise prohibits Cypress' '558 patent claims. The Federal Circuit's "transactional test" bars serial lawsuits "[i]f the overlap between the transactional facts of the suits is substantial." *SimpleAir*, 884 F.3d at 1165 (citing Restatement (Second) of Judgements § 24 cmt. b). "[W]here different patents are asserted in a first and second suit," the transactional test is met when the claims of the two patents are "patentably indistinct." *Id.* at 1167.

Here, the claims of the '558 patent are patentably indistinct from the '264 patent claims that were at issue in the First Case. First, the two patents are subject to a common terminal disclaimer. (*See* Ex. B, terminal disclaimer in '264 patent prosecution history; Ex. C, terminal disclaimer in '558 patent prosecution history.) "[A] terminal disclaimer is a strong clue that a patent examiner and, by concession, the applicant thought the claims … lacked patentable distinction." *Id.* at 1168. Moreover, both patents claim systems related to determining whether a media stream should be presented on a first presentation device or a second presentation device depending on which one has "presentation focus." *Compare, e.g.,* asserted claim 24 of the '558 patent to asserted claim 61 of the '264 patent. Finally, the '558 patent is a continuation of the

’264 patent, they both have the same title—“Methods, Systems, and Computer Program Products for Coordinating Playing of Media Streams”—and share a common specification. Each of these points demonstrates the lack of patentably distinct claims between the ’264 and ’558 patents.

Res judicata therefore proscribes Cypress’ assertion of the ’558 patent. *See, e.g., Senju*, 746 F.3d at 1348 (applying claim preclusion to newly prosecuted claims that did not exist during prior litigation); *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc*., 672 F.3d 1335, 1340-41 (Fed. Cir. 2012) (holding that “reexamination of the [asserted] patent did not entitle the plaintiffs to avoid claim preclusion because the amended claims relate back to the original [asserted] patent reissue date”).

**CONCLUSION**

For the foregoing reasons, this Court should dismiss Cypress’ complaint with prejudice.

Date: May 29, 2018

Respectfully submitted,

/s/ *Roger Fulghum*

Roger Fulghum
Texas State Bar No. 00790724
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana
Houston, Texas 77002
Telephone: (713) 229-1707
Facsimile: (713) 229-2707
E-mail: roger.fulghum@bakerbotts.com

Paula Heyman
Texas State Bar No. 24027075
BAKER BOTTS LLP
98 San Jacinto Blvd, Suite 1500
Austin, Texas 78701
Telephone: (512) 322-2500
Facsimile: (512) 322-2501
E-mail: paula.heyman@bakerbotts.com

Deron R. Dacus
Texas State Bar No. 00790553
THE DACUS FIRM
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: (903) 705-7233
E-mail: ddacus@dacusfirm.com

*Attorneys for Defendant Dell Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 29th of May 2018 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Roger Fulghum*
Roger Fulghum