UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CYPRESS LAKE SOFTWARE, INC.<br><br>*Plaintiff,*<br><br>vs.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendant.* | No. 6:18-cv-00030-RWS<br>LEAD CASE<br><br><br>JURY TRIAL DEMANDED |

### DEFENDANTS' MOTION TO STRIKE PARAGRAPH 59 OF MR. VIJH'S DECLARATION AND PRECLUDE HIM FROM TESTIFYING REGARDING CLAIM CONSTRUCTION

### I. INTRODUCTION

Plaintiff has recently advised Defendants that Plaintiff intends to call both of its experts, Dr. Ahmed Tewfik and Mr. Rahul Vijh, to provide live testimony at the claim construction hearing on December 5, 2018.[1]  Defendants move to strike paragraph 59 of Mr. Vijh's declaration, which sets forth the following unsupported, blanket statement: "I understand that I may be asked to testify in this matter.  If so, I adopt the positions and opinions of Dr. Ahmed Tewfik." Ex. 1 at ¶ 59.  Mr. Vijh's blind parroting of another expert's opinions is prohibited by the Federal Rules of Evidence: "The wholesale adoption of the opinion of another expert verbatim ***cannot be within the intent of Fed. R. Evid. 702.***"  *Bouygues Telecom, S.A. v. Tekelec*,

---

[1] Defendants do not believe that live expert testimony is either necessary or an efficient use of time at the hearing.  Defendants will address this issue further in the parties' estimated time requested for the *Markman* hearing, due on November 16, 2018.

1

472 F.Supp.2d 722, 729 (E.D.N.C. 2007).[2]  To that end, courts routinely hold that "unblinking reliance on [other] experts' opinions" is not permitted.  *In re TMI Litig.*, 193 F.3d 613, 716 (3rd Cir. 1999); *see Factory Mut. Ins. Co. v. Alon USA L.P.,* 705 F.3d 518, 524 (5th Cir. 2013).  Put simply, one expert cannot "be the mouthpiece for another."  *In re Sulfuric Acid Antitrust Litig.*, 235 F.R.D. 646, 653 (N.D. Ill. 2006).  Yet that is exactly what Plaintiff seeks to do with Mr. Vijh.

Making Plaintiff's tactics even more egregious is the fact that Mr. Vijh never reviewed Dr. Tewfik's final declaration.  Instead, Mr. Vijh testified at his deposition that he only saw *drafts* of Dr. Tewfik's declaration.  Having failed to produce the drafts, Plaintiff has prejudiced Defendants by preventing Defendants from discovering and testing the basis of Mr. Vijh's actual opinions.  As a result, there is no reliable basis for Mr. Vijh to testify and paragraph 59 of his declaration should be stricken.

## II.  FACTUAL BACKGROUND

On October 23, 2018, Plaintiff filed a claim construction brief accompanied by two supporting declarations.  The first declaration was submitted by Dr. Tewfik and spanned over three hundred pages.  Dkt. 105-15.  The second declaration, which was submitted by Mr. Rahul Vijh, is the focus of this motion.  Dkt. 105-22 (attached as Exhibit 1).  In paragraph 59 of his declaration, Mr. Vijh made the generic statement that: "I adopt the positions and opinions of Dr. Ahmed Tewfik."  *Id.* at ¶ 59.  Aside from paragraph 59, Mr. Vijh's declaration never mentions Dr. Tewfik's declaration, positions, or opinions.  Ex. 2 at 28:11-15.  Mr. Vijh's declaration does not provide any independent analysis, any independent opinions, or even a summary of Dr.

---

[2] Emphasis added throughout unless indicated otherwise.

Tewfik's opinions. *Id.* at 29:2-7.  Rather, Mr Vijh's declaration is devoid of any analysis of the claim language, specifications or prosecution history of the asserted claims. *Id.* at 29:8-30:19.

Mr. Vijh did not have any discussions with Dr. Tewfik regarding the methodology or analysis by which Dr. Tewfik arrived at his positions and opinions. *Id.* at 27:17-20, 28:6-10. Nor did Mr. Vijh perform any independent analysis of Dr. Tewfik's opinions and positions. *Id.* at 28:16-20.  Instead, Mr. Vijh simply "wholesale adopted" the positions and opinions in Dr. Tewfik's declaration:

> Q: So are you doing a wholesale adoption of the positions and opinions of Dr. Tewfik?
>
> A. In his declaration, yes.

*Id.* at 24:17-19.

Moreover, Mr. Vijh categorically adopted all of Dr. Tewfik's positions and opinions *sight unseen*.  Mr. Vijh admits that when he signed his declaration, he had never actually seen, much less reviewed, the signed declaration submitted by Dr. Tewfik:

> Q: You did not review the final and signed declaration of Dr. Tewfik in this case before you signed your declaration. Correct?
>
> A. Correct.
>
> Q. When did you first see the final and signed draft of Dr. Tewfik's declaration?
>
> A. It would have been within a couple of days after he filed his declaration.

*Id.* at 25:25-26:7.  Thus, Mr. Vijh had not seen Dr. Tewfik's final declaration until after stating that he adopted the positions and opinions set forth in that declaration. *Id.* at 26:4-12.  Mr. Vijh testified that he reviewed certain drafts of Dr. Tewfik's declaration, but those drafts were not produced in this case, nor submitted to the court. *Id.* at 98:15-20.

### III.  ARGUMENT

The Court should strike paragraph 59 of Mr. Vijh's declaration and preclude him from providing any testimony regarding claim construction.  Federal Rule of Civil Procedure 26(a)(2)(B) requires that an expert's declaration provide "a complete statement of all opinions the witness will express and the basis and reasons for them" as well as the "the facts or data considered by the witness in forming them."  Federal Rule of Evidence 702 demands that any expert testimony must: (i) be "based on sufficient facts or data;" (ii) result from the "product of reliable principles and methods;" and (iii) based on "reliably applied the principles and methods to the facts of the case."  In contrast, Mr. Vijh's blind adoption of another witness' positions and opinions is the classic type of "wholesale" adoption that courts exclude.

The Fifth Circuit makes clear that the Federal Rules of Evidence do not allow "a witness, under the guise of giving expert testimony, to in effect become the mouthpiece of the witnesses on whose statements or opinions the expert purports to base his opinion." *Factory Mut. Ins.*, 705 F.3d at 523–24.  But that is precisely what Mr. Vijh seeks to do here.  The sum and substance of Mr. Vijh's statements regarding claim construction is paragraph 59, where he blindly adopts Dr. Tewfik's opinions.  Mr. Vijh never discussed those opinions with Dr. Tewfik.  Mr. Vijh never performed any independent analysis of Dr. Tewfik's opinions.  Mr. Vijh did not set forth any independent analysis or opinions of his own regarding clam construction.  In short, Plaintiff seeks to use Mr. Vijh as a conduit for Dr. Tewfik.  That it cannot do: "It is well settled that an expert … many not simply parrot the work actually done by another expert." *Fowler v. U.S.*, 2009 WL 2827958, *9, n.50 (W.D. La. 2009).  The Seventh Circuit's description of similar circumstances is apt for the present case:  "[A]n expert witness may not simply summarize the

4

out-of-court statements of others as his testimony.... An expert who parrots an out-of-court statement is not giving expert testimony; he is a ventriloquist's dummy." *United States v. Brownlee*, 741 F.3d 479, 482 (7th Cir. 2014).

Addressing analogous circumstances, courts consistently find that the Federal Rules bar statements like the one in paragraph 59 of Mr. Vijh's declaration, as well as any testimony based on such statements. *See, e.g., United States v. Smith*, 869 F.2d 348, 355 (7th Cir. 1989)) ("an expert may not simply summarize the out-of-court statements of others as his testimony"); *Olivet Baptist Church v. Church Mut. Ins. Co.*, 2016 WL 772787, at *5 (N.D. Ill. 2016) ("Relaying the plaintiff's likely testimony is not an example of expertise"); *Lightfoot v. Hartford Fire Ins. Co.*, 2011 WL 39010, at *4-5 (E.D. La. 2011) (courts do "not allow the wholesale adoption of another expert's opinions" without independent investigation that assesses the reliability of another expert's assumptions and conclusions); *Bouygues Telecom,* 472 F.Supp.2d at 729.

The circumstances here are even more extreme because Mr. Vijh's statement is based ***solely on drafts*** of Dr. Tewfik's declaration—drafts that have never been produced—rather than the actual signed declaration. As such, Defendants do not know which opinions Mr. Vijh seeks to adopt, nor can they test the basis for those unknown opinions in advance of the *Markman* hearing scheduled for December 5, 2018. Plaintiff's tactics plainly prejudice Defendants. It is for such purposes that courts "must serve a gate-keeping function with respect to Rule 703 opinions" to ensure "the expert isn't being used as a vehicle for circumventing the rules of evidence." *Factory Mut. Ins.*, 705 F.3d at 524.

## IV.  CONCLUSION

For the foregoing reasons, this Court should strike paragraph 59 of Mr. Vijh's declaration and preclude any testimony based on that paragraph.

Dated: November 14, 2018

/s/ *Neil P. Sirota, with permission by Michael E. Jones*
Neil P. Sirota
neil.sirota@bakerbotts.com
Robert L. Maier
robert.maier@bakerbotts.com
Aaron H. Jagoda
aaron.jagoda@bakerbotts.com
Albert J. Boardman
albert.boardman@bakerbotts.com
BAKER BOTTS LLP
30 Rockefeller Plaza, 44th Floor
New York, NY 10112

Timothy S. Durst
SBN: 00786924
tim.durst@bakerbotts.com
BAKER BOTTS LLP
2001 Ross Avenue
Dallas, TX 75201

Katharine Mary Burke
katharine.burke@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Ave. NW, #120
Washington, DC 20004

Michael E. Jones, SBN: 10929400
mikejones@potterminton.com
Patrick C. Clutter, SBN: 24036374
patrickclutter@potterminton.com
POTTER MINTON
110 N. College, Suite 500
Tyler, Texas 75702

Krista S. Schwartz
ksschwartz@jonesday.com
JONES DAY
555 California Street, Suite 2600
San Francisco, CA 94104
Telephone: (415) 626-3939

**Attorneys for Defendant Samsung Electronics America, Inc.**

/s/ *Krista S. Schwartz, with permission by Michael E. Jones*
Krista S. Schwartz
ksschwartz@jonesday.com
JONES DAY
555 California Street, Suite 2600
San Francisco, CA 94104
Telephone: (415) 626-3939

Sasha Mayergoyz
smayergoyz@jonesday.com
JONES DAY
77 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 782-3939

Michael E. Jones
SBN: 10929400
mikejones@potterminton.com
Patrick C. Clutter
SBN: 24036374
patrickclutter@potterminton.com
POTTER MINTON
110 N. College, Suite 500
Tyler, Texas 75702

Deron R. Dacus
THE DACUS FIRM, PC
821 ESE Loop 323, Suite 430
Tyler, TX 75701

Paula D. Heyman
BAKER BOTTS LLP
98 San Jacinto Boulevard, Suite 1500
Austin, TX 78701

Roger J. Fulghum
BAKER BOTTS LLP
910 Louisiana Street
Houston, TX 77002

**Attorneys for Defendant Dell Inc.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 14, 2018.

> */s/ Michael E. Jones*
> Michael E. Jones

## CERTIFICATE OF CONFERENCE

The undersigned certify that on November 12, 2018, counsel for Defendants Samsung Electronics America, Inc. and Dell Inc. (Messieurs Mayergoyz and Sirota) met and conferred with counsel for Plaintiff Cypress Lake Software, Inc. (Messieurs Garteiser and Fuller) in compliance with Local Rule CV-7(h) regarding the relief requested herein.  Plaintiff's counsel stated that it intends to offer expert testimony at the *Markman* hearing, including testimony from Mr. Vijh.  Defendants stated that Mr. Vijh's testimony would be improper given paragraph 59 in his declaration.  The parties were unable to resolve the issue.

> */s/ Neil P. Sirota, with permission by*
> *Michael E. Jones*