**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| CYPRESS LAKE SOFTWARE, INC., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 6:18-CV-30-JDK |
| | § § | LEAD CONSOLIDATED CASE |
| SAMSUNG ELECTRONICS AMERICA, INC., | § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court are Samsung's and Dell's respective Motions for Summary Judgment Regarding Indefiniteness (Docket Nos. 258 and 259). Based on the Court's determination during claim construction that certain terms in the asserted claims are indefinite, the Court **GRANTS** the motions.

From U.S. Patent No. 8,666,361, Cypress Lake asserts claims 238 and 239 against Samsung and claims 21, 28, 117, 143, 160, 262, and 270 against Dell. Docket No. 105-17 at 2–3. Each of these claims recites (or depends on a claim that recites) the limitations "code for presenting, in a first application region of a presentation space of a display device, a first visual component" and "code for detecting a user input corresponding to the first navigation control." The Court's *Markman* Order held these limitations indefinite. Docket No. 174 at 34–44.

Also from the '361 Patent, Cypress Lake asserts claim 17 against Dell. Docket No. 105-17 at 2. This claim recites the limitation of a "navigation element handler

1

component that . . . detects a user input corresponding to the first navigation control." The Court's *Markman* Order held this limitation indefinite. Docket No. 174 at 47–53.

From U.S. Patent No. 8,781,299, Cypress Lake asserts claim 23 against Samsung and claims 1, 3, 4, 5, 9, 10, 11, and 12 against Dell. Docket No. 105-17 at 2. From U.S. Patent No. 8,983,264, Cypress Lake asserts claim 71 against Samsung and claims 61, 62, 63, and 67 against Dell. Docket No. 105-17 at 1. Each of these claims recites (or depends on a claim that recites) the limitation "code for detecting access to the first media player to play a first media stream that includes video." The Court's *Markman* Order held this limitation indefinite. Docket No. 174 at 57–62.

From U.S. Patent No. 8,787,731, Cypress asserts claims 1, 3, 10, 15, and 20 against Samsung and claims 1, 3, 20, and 21 against Dell. *Id*. at 1–2. Docket No. 105-17 at 1–2. Each of these claims recites (or depends on a claim that recites) the limitations "code for detecting a first media player access to a first presentation device to play a first media stream, where presentation focus information is accessible for identifying whether the first media player has first presentation focus for playing the first media stream" and "code for detecting a second media player access to play a second media stream while the second media player does not have second presentation focus, where the second media stream is not played via the first presentation device while the second media player does not have second presentation focus." The Court's *Markman* Order held these limitations indefinite. Docket No. 174 at 57–62.

From U.S. Patent No. 9,423,923, Cypress Lake asserts claims 12 and 16 against Samsung.  Docket No. 105-17 at 3.  Claim 12 recites the limitation of "permits a user to conveniently enter the second user input," and claim 16 recites the limitation of "an area that is more convenient than an area in which a desktop taskbar resides." The Court's *Markman* Order held these limitations indefinite. Docket No. 174 at 26-27.

Means-plus-function claims are invalid as indefinite when there is no structure in the specification corresponding to the claimed means.  *Robert Bosch, LLC v. Snap-On Inc.*, 769 F.3d 1094, 1101 (Fed. Cir. 2014).  Further, "a patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014)).  As stated above, the Court has already determined that each of the above claims is indefinite.

Cypress Lake argues that judgment on these claims would be an advisory opinion because of Cypress Lake's amended complaints.  Docket No. 308 at 1.[1] Cypress Lake filed amended complaints against each Defendant on July 9, 2019 (Docket Nos. 256 and 257) that attempt to remove these claims from the case. Cypress Lake also asserts that the Docket Control Order in this case required Defendants to move for summary judgment based on indefiniteness during the claim-

---

[1] For convenience, the Court will cite only to Cypress Lake's response to Samsung's motion (Docket No. 308); however, Cypress Lake makes essentially identical arguments in its response to Dell's motion (Docket No. 309).

3

construction process. *Id.* Cypress Lake posits that Defendants improperly included indefiniteness arguments in claim-construction briefs rather than summary judgment motions to preserve summary judgment briefing pages under Local Rule CV-7(a)(3). *Id.*

Neither of Cypress Lake's arguments is persuasive. Because Cypress Lake failed to properly seek consent from Defendants or leave from the Court—as required by Federal Rule of Civil Procedure 15(a)(2)—the Court struck Cypress Lake's amended complaints. *See* Docket No. 381. Thus, the claims at issue here remain in the case and subject to summary judgment. Further, removing claims from the case solely to avoid entry of judgment on issues the Court has already decided on the merits is not a valid basis for Cypress Lake to amend its complaints.

With respect to invalidity briefing, the First Amended Docket Control Order, controlling at the time of claim-construction briefing, included the following provision:

> **Indefiniteness:** In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits.

Docket No. 88 at 8. Thus, the Court specifically ordered the Defendants not to file motions for summary judgment on indefiniteness, but rather to include those arguments in claim-construction briefs. Defendants properly did so, and the pages were included in the claim-construction briefing page limits. *See* Docket No. 98 at 2 (allowing each party fifty pages for claim-construction briefing).

Cypress Lake has offered nothing to create a genuine issue of material fact concerning the validity of the claims discussed above. Having found the claims at issue indefinite in its *Markman* Order, the Court hereby **GRANTS** Defendants' motions for summary judgment (Docket Nos. 258 and 259) and holds that the following patent claims are invalid:

- '361 Patent: claims 17, 21, 28, 117, 143, 160, 238, 239, 262, and 270;

- '299 Patent: claims 1, 3, 4, 5, 9, 10, 11, 12, and 23;

- '264 Patent: claims 61, 62, 63, 67, and 71;

- '731 Patent: claims 1, 3, 10, 15, 20, and 21;

- '923 Patent: claims 12 and 16.

So **ORDERED** and **SIGNED** this **12th** day of **August, 2019.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE