# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| CYPRESS LAKE SOFTWARE, INC.<br><br>*Plaintiff*,<br><br>vs.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. and DELL INC.,<br><br>*Defendants*. | No. 6:18-cv-00030-JDK<br>**LEAD CONSOLIDATED CASE**<br><br>**JURY TRIAL DEMANDED**<br><br>**FILED UNDER SEAL** |

**PLAINTIFF CYPRESS LAKE SOFTWARE'S RESPONSE IN OPPOSITION TO DEFENDANT DELL INC'S *DAUBERT* MOTION TO STRIKE CERTAIN PORTIONS OF THE REBUTTAL REPORT OF RAHUL VIJH [DKT. 293**

Plaintiff Cypress Lake Software, Inc. respectfully submits this Response in Opposition to Defendant Dell Inc.'s *Daubert* Motion to Strike Certain Portions of the Rebuttal Report of Rahul Vijh [Dkt. 293] ("Defendant's Motion"). By way of response, Plaintiff would show as follows:

As will be shown herein, the relief sough in Defendant's Motion should be rejected, as it suffers several fatal deficiencies, including: (i) the so-called "new construction" offered by Mr. Vijh does not rise to that level and is not objectionable; (ii) nothing in the challenged testimony of Mr. Vijh contradicts this Court's Order on Claim Construction; (iii) nothing in Mr. Vijh's testimony is unreliable; (iv) the testimony challenged by Defendant is proper expert opinion based on the "plain and ordinary" meaning of the claim terms; and (v) there is no precedent supporting the relief sought by Dell.

Defendant is correct in stating that the limitation of Claim 14 of the '954 Patent relating to the "creation of a second window" was considered by the Court during the *Markman* process, and that the Court rejected Defendants' arguments, ultimately holding the terms to be "not indefinite and will be given their plain and ordinary meaning." *See* Dkt. 174 at 22-24. In his Rebuttal Report, Mr. Vijh opines that the Windows 7 "prior art system" relied on by Defendant fails to disclose certain limitations of Claim 14, and is therefore non-anticipatory. Of course, Defendant would prefer to have its erroneous expert testimony stand unrebutted, and so now moves to strike all of Mr. Vijh's rebuttal, which is plainly based entirely on Mr. Vijh's view of the plain and ordinary meaning of the words in the claim; nothing outside the literal language of the claim was considered. This was made clear to Defendant by Mr. Vijh during his deposition. *See* Dkt. 293-2 (Vijh Deposition) at 288:2-11, 290:17-291:2 (stating that the only basis for his opinions is the plain language of the claim itself).

Contrary to the only argument made in Defendant's Motion, the rebuttal opinion testimony

offered by Mr. Vijh does *not* offer "an additional and improper construction for the term *creation of a second window*." Defendant's Motion at 1, 3, 4, and 5. Rather, as is evident from both his Report and his deposition testimony, Mr. Vijh was solely applying the plain language and meaning of the claim itself, and did not rely on extrinsic evidence to support his opinion. Specifically, Mr. Vijh opines that a person of ordinary skill would view the creation of the second window, in accordance with the plain language of the claim, to mean that the window presents automatically in response to the claimed "second user input" because, as required by the claim, the window is presented "in response to" such user input. *See* Dkt. 293-1 (Vijh Report) at, *e.g.*, ¶¶ 56-57. It is evident from Mr. Vijh's Report that the recited "in response to" aspect of Claim 14, from his perspective as one of ordinary skill, is an "automatic" "creation" response of the configured processor to the user input. *Id.* at ¶¶ 56-57, 74-76, 80-81. Expert testimony explaining the plain and ordinary meaning of claim terms is, of course, permitted and is non-objectionable. *See, e.g., Metaswitch Networks Ltd. v. Genband US LLC,* 2017 WL 3704760 at *4 (E.D. Tex. 2017); *Cioffi v. Google, Inc.,* 2017 WL 275386 at *6 (E.D. Tex. 2017).

Indeed, the only two cases cited in Defendant's Motion actually negate its own argument. First, in *EMC Corp. v Pure Storage, Inc.*, 154 F.Supp.3d 81 (D. Del. 2016), the district court there plainly *allowed* testimony from the challenged expert because it was not contrary to the court's construction and was otherwise permissible opinion based on the expert's view of the plain and ordinary meaning of the claim in question. *See EMC Corp.,* 154 F.Supp.3d at 109 (noting: "[w]hen a court does not construe a term or orders that ordinary meaning applies, expert testimony on the understanding of a skilled artisan is appropriate to assist the jury" and "[e]xpert testimony regarding whether an accused device falls within the scope of a court's claim construction is appropriate and raises a factual issue for the jury to resolve") (citations omitted).

Second, in *Personalized User Model, L.L.P. v. Google Inc.*, 2014 WL 807736 (D. Del. 2014),

2

the district court precluded the expert from offering opinions that were directly contradictory to terms that had been otherwise construed during the *Markman* process. *Personalized,* 2014 WL 807736 at *1-2. Other courts have addressed this same issue, permitting experts to provide testimony in which the plain and ordinary meaning of the words in the asserted claims are explained and applied. The dividing line between permissible testimony, such as that being offered by Mr. Vijh, and impermissible testimony, such as that being offered in this case by Defendant's experts, is whether the testimony is tantamount to arguing claim construction by relying on extrinsic evidence. *See, e.g., MediaTek, Inc. v. Freescale Semi., Inc.,* 2014 WL 971765 at *4-5 (N.D. Cal. 2014) (allowing the introduction of "evidence as to the plain and ordinary meaning of terms not construed by the Court to one skilled in the art, so long as the evidence does not amount to arguing claim construction to the jury" and further noting that "testimony grounded in the prosecution history to discern the meaning of a claim is properly excluded from presentation to the jury, especially where, as here, a fair reading of the expert report reveals an intention to argue claim construction"; ultimately excluding all "other expert testimony purporting to bring in intrinsic or extrinsic evidence to explain the meaning of a claim term"); *Ericsson Inc. v. TCL Comm. Tech. Holdings LLC,* 2018 WL 2149736 at *3 (E.D. Tex. 2018) (competing expert testimony at trial permissible, as long as there was no indication the expert was relying on a special meaning arising from the intrinsic record).

As noted, Defendant's Motion takes issue with proper expert opinion based on an understanding of the plain and ordinary meaning of a claim, whereas Defendants have engaged in the exact opposite: impermissible acts of actually offering personal claim construction arguments. *See, e.g.,* Dkt. 291 (Dell Motion for Summary Judgment) at 6 (construing "program component" to mean "any portion of software, no matter how loosely defined," without any citation or expert support, in sole reliance on Cypress' understanding); *see also* Dkt. 278 (Samsung Motion for Summary Judgment) at 16-17, citing to Exh. 4 (Wigdor) thereto at ¶ 262 (construing "transparent" by

referring to extrinsic evidence (the Hughes text)). These issues will be properly raised by Cypress in connection with its upcoming *Motions in Limine*, which Cypress views as the proper procedural route, as opposed to Defendant's attempt to obtain summary judgment via a thinly-veiled *Daubert* Motion. *See Personalweb Techs. LLC v. Intern. Bus. Machines Corp.,* 2017 WL 8186294 at *5 (N.D. Cal. 2017) (granting *motion in limine* precluding testimony contradictory to claim construction or otherwise relating to the interpretation of claim terms); *Ferring Pharms. Inc. v. Par Pharm., Inc.,* 267 F.Supp.3d 501, 505-06 (D. Del. 2018) (granting *motion in limine* precluding testimony claiming intrinsic evidence supported their views regarding plain and ordinary meaning; investigating expert reliance on scientific literature to support his proposed construction); *Velcro Indus. B.V. v. Taiwan Paiho Ltd.,* 2005 WL 2573383 at *1-2 (D. N. H. 2005); *Smartflash LLC v. Apple, Inc.,* 2015 WL 11089593 at *1 (E.D. Tex. 2015); *Imperium IP Holdings, Inc. v. Apple, Inc.,* 2013 WL 322053 at *4 (E.D. Tex. 2013); *Huawei Techs. Co., Ltd. v. Samsung Elec. Co., Ltd.,* 340 F.Supp.3d 934, 949, FN. 6 (N.D. Cal. 2018); *Fujifilm Corp. v. Motorola Mobility LLC,* 2015 WL 1265009 at *6 (N.D. Cal. 2015) (functional equivalent of a summary judgment motion brought under the guise of a motion to strike is reason enough to deny it).

Defendant does not suggest that anything in Mr. Vijh's testimony contradicts the Court's Claim Construction Order, or that it is based on faulty scientific principles. Rather, it is clear that Defendant simply disagrees with Mr. Vijh's opinions; this, however, is not a basis to strike testimony under *Daubert*. *See, e.g., Tracbeam LLC v. AT&T, Inc.,* 2013 WL 12040731 at *2 (E.D. Tex. 2013).

For the foregoing reasons, Cypress Lake requests that the Court enter an Order DENYING Defendant Dell Inc.'s *Daubert* Motion to Strike Certain Portions of the Rebuttal Report of Rahul Vijh [Dkt. 293].

Dated: August 16, 2019 　　　　　　　　　　/s/ *M. Scott Fuller*

                Randall T. Garteiser
                Texas Bar No. 24038912
                rgarteiser@ghiplaw.com
                Christopher A. Honea
                Texas Bar No. 24059967
                chonea@ghiplaw.com
                M. Scott Fuller
                Texas Bar No. 24036607
                sfuller@ghiplaw.com
                GARTEISER HONEA, PLLC
                119 W. Ferguson Street
                Tyler, Texas 75702
                Telephone: (903) 705-7420
                Facsimile: (888) 908-4400

                **Counsel for Plaintiff**
                **Cypress Lake Software, Inc.**

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 16, 2019.

                /s/ *M. Scott Fuller*
                M. Scott Fuller