**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| CYPRESS LAKE SOFTWARE, INC., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 6:18-CV-30-JDK |
| | § § | LEAD CONSOLIDATED CASE |
| SAMSUNG ELECTRONICS AMERICA, INC., | § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is Cypress Lake's Motion to Reconsider Claim Construction (Docket No. 229). The Court held a *Markman* hearing on March 14, 2019, to construe thirty-three disputed claim terms from eleven patents. Docket No. 156. On May 10, 2019, the Court issued its *Markman* Order, construing certain terms, declining to construe other terms, and finding some terms indefinite. Docket No. 174. In its motion, Cypress Lake asks the Court to reconsider its finding that the terms "convenient" and "conveniently" (Group C-16) and several "code for" terms (Groups C-16, E-1, E-11, F-7, F-6, and F-27) are indefinite. The Court heard oral argument on the motion on August 8, 2019. For the reasons stated below, the Court **DENIES** Cypress Lake's motion.

**I.     APPLICABLE LAW**

The Court analyzes motions to reconsider under Federal Rule of Civil Procedure 59(e). *Blue Spike, LLC v. Juniper Networks, Inc.*, No. 6:17-cv-16, 2018

WL 4261316, at *1 (E.D. Tex. May 16, 2018) (citing *Solid State Storage Sols., Inc. v. STEC, Inc.*, No. 2:11-cv-391, 2012 WL 12904107 (E.D. Tex. Sept. 27, 2012)). Under Rule 59(e), a court may reconsider a ruling due to: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *Solid State*, 2012 WL 12904107, at *1 (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)). The standard for reconsideration is narrow, and a motion for reconsideration "should not be used to raise arguments that could, and should, have been made before the entry of judgment or to re-urge matters that have already been advanced by a party." *De Leon v. Flavor & Fragrance Specialties, Inc.*, No. 6:12-cv-327, at *1 (E.D. Tex. Sept. 15, 2014) (quoting *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F. Supp. 2d 745, 749 (E.D. Tex. 2012)).

## II. ANALYSIS

Cypress Lake does not present any new evidence or argue any change in controlling law. Instead, Cypress Lake argues for reconsideration only under the third prong of the relevant test—to correct a clear error of law or prevent manifest injustice. Cypress Lake's brief essentially argues that the Court made six errors in its analysis of the "code for" terms:

1) the Court failed to properly apply the presumption against application of § 112, ¶ 6 when a claim does not include the word "means";

2) the Court failed to properly consider the intrinsic evidence that § 112, ¶ 6 does not apply;

3) the Court failed to properly consider the opinion testimony of persons of ordinary skill in the art, specifically patent examiners;

4)   the Court improperly imported limitations from the written description into the claims;

5)   the Court failed to consider the intrinsic disclosure of structure if § 112, ¶ 6 does apply; and

6)   the Court failed to properly apply the burden of proof as to indefiniteness.

Cypress Lake also argues that the Court failed to consider the intrinsic disclosures and the plain language of the claim, and improperly applied the burden of proof as to the "convenient" terms.

At the August 8 hearing, Cypress Lake focused its argument on *Linear Technology Corp. v. Impala Linear Corp.*, 379 F.3d 1311 (Fed. Cir. 2004)—a case Cypress Lake did not cite in its original *Markman* brief or its motion to reconsider. Docket No. 390 at 43:11–47:25. After providing its analysis of *Linear Technology*, Cypress Lake contended that the Court misapplied that case.

Generally, Cypress Lake's motion repeats arguments advanced in its original *Markman* briefing and presents additional case law that was available at the time of the original briefing. These are insufficient grounds to revisit an issued order. *Alcatel-Lucent USA, Inc. v. Amazon.com., Inc.*, 2011 WL 13137345, at *1 (E.D. Tex. Aug. 5, 2011) ("District court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure."). Further, as explained below, each of Cypress's arguments is without merit.

**A.   *Linear Technology Corp. v. Impala Linear Corp.***

At the August 8 hearing, Cypress Lake argued for the first time that *Linear Technology* provides an appropriate § 112, ¶ 6 test. Cypress Lake summarized that

3

test as requiring two steps: (1) Does the term itself connote structure? (2) If so, is there a specifically defined function?  Docket No. 390 at 44:7–45:10.  Based on its reading of that case, Cypress Lake argued that the Court's *Markman* Order did not properly apply the *Linear Technology* test.

Cypress Lake oversimplifies the holding of *Linear Technology*.  There, the Federal Circuit stated: "[W]hen the structure-connoting term 'circuit' is coupled with a description of the circuit's operation, sufficient structural meaning generally will be conveyed to persons of ordinary skill in the art, and § 112 ¶ 6 presumptively will not apply."  *Linear Tech.*, 379 F.3d at 1320.  In other words, even when the term itself connotes structure—like "circuit"—there must be "a description of the circuit's operation," not merely a recitation of the circuit's function, as Cypress Lake argues.  Indeed, the *Linear Technology* court then held that the circuit terms were not subject to § 112, ¶ 6 because the claims at issue described the "objective or operations" of the circuits.  *Id.*  *Linear Technology* further relied on *Apex Inc. v. Raritan Computer, Inc.*, 325 F.3d 1364, 1374 (Fed. Cir. 2003), to support this proposition.  *Apex* stated: "Moreover, every use of the term ['circuit'] in the asserted claims includes additional adjectival qualifications further *identifying sufficient structure to perform the claimed functions* to one of ordinary skill in the art."  325 F.3d at 1374 (emphasis added).  Thus, even with a structure-connoting term, the claim including the term must still identify *sufficient structure* to perform the claimed function.

This is the precise analysis the Court performed in its *Markman* Order—Do the "code" claims include language detailing the "objectives and operations" of the

4

claimed code? Applying this test, the Court found some claims provided sufficient structure, while others did not. Docket No. 174 at 35–38 (finding § 112, ¶ 6 applies to "code for" terms); 58 (finding § 112, ¶ 6 applies to "code for" terms; 67–68 (finding § 112, ¶ 6 applies to "code for" terms); 99–102 (finding that § 112, ¶ 6 does not apply to "code configured to" terms). Because the Court properly applied *Linear Technology*, Cypress Lake has failed to demonstrate a "clear error of law."

### B.   Presumption Against § 112, ¶ 6

Cypress Lake also argues that the Court failed to properly consider and apply the presumption against § 112, ¶ 6 to claim terms without the word "means." Docket No. 229 at 1–6. The Court's *Markman* Order, Cypress Lake asserts, stands alone and against "the great weight of precedent" in finding "code"-based terms subject to § 112, ¶ 6 and indefinite. *Id.* at 2. Cypress Lake then cites several opinions that found "code"-based terms not subject to § 112, ¶ 6.

Cypress Lake's argument lacks merit. The Court's *Markman* Order repeatedly stated the presumption and applied it to each challenged term. Docket No. 174 at 35-38, 58. Cypress Lake essentially argues for a bright-line rule that "code"-based terms should never be subject to § 112, ¶ 6. Docket No. 390 at 48:1–3 ("THE COURT: So could a claim that includes "code" or "code for" ever be subject to 112(6)? MR. FULLER: It would be a highly unusual claim."). But "[t]he Court must look at the context of the use, i.e., code for X, in light of the specification and determine whether that would be understood by a person of ordinary skill in the art as a description of structure." *SecurityProfiling, LLC v. Trend Micro Am., Inc.*, No. 3:17-cv-1484, 2018 WL 4585279, at *2 (N.D. Tex. Sept. 25, 2018). The Court's *Markman* Order

considered the context of each "code"-based term, in light of the specification, to determine whether the presumption against § 112, ¶ 6 was overcome. Based on the context of each claim, the Court found some "code" terms subject to § 112, ¶ 6 and others not subject to § 112, ¶ 6. *See* Docket No. 174 at 102–03.

## C.   Intrinsic Evidence Against § 112, ¶ 6

Cypress Lake next argues that the Court erred by giving no weight to the patentee's prosecution statements that § 112, ¶ 6 does not apply. Docket No. 229 at 6–8. This argument is also unpersuasive. As stated in the *Markman* Order, "the Federal Circuit has noted that the 'inventor's subjective intent is irrelevant to the issue of claim construction.'" Docket No. 174 at 37 (quoting *Howmedica Osteonics Corp. v. Wright Med. Tech., Inc.*, 540 F.3d 1337, 1347 (Fed. Cir. 2008)). Further, "[c]ourts must view the prosecution history not for applicant's subjective intent, but as an official record." *Id.* at 37–38 (citing *Seachange Int'l, Inc. v. C-COR, Inc.*, 413 F.3d 1361, 1375 (Fed. Cir. 2005)). Cypress Lake provides no relevant contrary authority. Finally, even Cypress Lake agrees that the patentee cannot "opt-out" of controlling precedent. Docket No. 229 at 6. But it argues that the Court should allow the patentee here to do just that.

## D.   Patent Examiner Opinions

Cypress Lake next argues that the Court should have considered the opinions of the USPTO patent examiners, who are persons of ordinary skill in the art. Specifically, Cypress Lake contends that the Court should have considered that no examiner ever found these terms subject to § 112, ¶ 6 or indefinite. Docket No. 229 at 7, 8–9. But as pointed out by Defendants, a patent examiner's silence on § 112, ¶ 6

6

is irrelevant. *Prima Tek II, L.L.C. v. Polypap, S.A.R.L.*, 318 F.3d 1143, 1151 (Fed. Cir. 2003) ("[D]rawing inferences of the meaning of claim terms from an examiner's silence is not a proper basis on which to construe a patent claim."). Indeed, if a patent examiner's allowance of a claim were dispositive, courts could never invalidate any patent claim. While an issued patent is presumed valid, the patent statutes also clearly allow an accused infringer to argue the invalidity of an asserted patent. 35 U.S.C. § 282. Here, the Court properly deferred to the patent examiners by applying the presumption of validity and requiring clear-and-convincing evidence of invalidity.

### E.  Importing Limitations

Cypress Lake next challenges the Court's comparison of "code for" in the claims and "means for" in the written description as "reading a limitation from the written description into the claims." Docket No. 229 at 9. Reading a limitation from the written description into the claims is "one of the cardinal sins of patent law." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1320 (Fed. Cir. 2005) (quoting *SciMed Life Sys., Inc. v. Advanced Cardiovascular Sys., Inc.*, 242 F.3d 1337, 1340 (Fed. Cir. 2001)). Here, however, the Court's *Markman* Order did not read in limitations, but properly considered the written description as the context that would inform a POSITA's understanding of the claims. *Phillips*, 415 F.3d at 1313 ("Importantly, the person of ordinary skill in the art is deemed to read the claim term not only in the context of the particular claim in which the disputed term appears, but in the context of the entire patent, including the specification."). And the Court found that the parallel structure between the "code for" terms in the claims and "means for" in the specification would be informative to a POSITA. Docket No. 174 at 37.

F.  **Intrinsic Disclosure of Structure**

Cypress Lake further argues that even if the challenged "code for" terms are subject to § 112, ¶ 6, the Court ignored structure to perform the claimed function included in the specification. Docket No. 229 at 11–12. Cypress Lake's argument is misplaced. As the Court's *Markman* Order explains, "[w]hen § 112, ¶ 6 applies to a claim limitation and the corresponding structure is software that cannot be performed by a general-purpose computer, the patentee must provide an algorithm for the software to avoid indefiniteness." Docket No. 174 at 39 (citing *Function Media, LLC v. Google, Inc.*, 708 F.3d 1310, 1318 (Fed. Cir. 2013)). The Court thoroughly considered Cypress Lake's position, but found no adequate structural disclosures for these terms. Docket No. 174 at 40–42, 59–62.

G.  **Proper Evidentiary Standard**

Cypress Lake's final argument on the "code for" terms is that the Court failed to consider and apply the proper evidentiary burden. Cypress Lake argues that the challenger must show that § 112, ¶ 6 applies by a preponderance of the evidence and must show that a term is indefinite by clear and convincing evidence. Docket No. 229 at 13. Cypress Lake then asserts that Defendants presented insufficient evidence of indefiniteness here. The Court disagrees.

The Court's *Markman* Order expressly cited the applicable law: "As it is a challenge to the validity of a patent, the failure of any claim in suit to comply with § 112 must be shown by clear and convincing evidence." Docket No. 174 at 11 (citing *Nautilus Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 213 n.10 (2014)). The Court then applied that standard in reviewing the evidence presented by both Cypress Lake

8

and Defendants. The Court found that the specification did not provide any structure for performing the recited functions of these "code for" terms. A lack of structural support in the specification for a § 112, ¶ 6 term is clear and convincing evidence that the term is indefinite and the claim is invalid. *Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1352 (Fed. Cir. 2015) ("If the patentee fails to disclose adequate corresponding structure, the claim is indefinite."). Thus, the Court applied the appropriate evidentiary standard.

**H.     "Convenient" Terms**

Cypress Lake provides a brief and conclusory argument that the Court failed to properly consider the intrinsic disclosures, to properly assess the plain language of the relevant claims, and to apply the clear and convincing evidence standard as to the "convenient" terms. Docket No. 229 at 14. But the Court's *Markman* Order applied the standards established in *Nautilus Inc. v. Biosig Instruments, Inc.* to find that these terms, viewed in light of the specification, fail to "inform those skilled in the art about the scope of the invention with reasonable certainty." Docket No. 174 at 27 (quoting *Nautilus*, 134 S. Ct. at 2129). Further, as pointed out in the Order, even Cypress Lake's own expert agreed that "convenient" is subjective because "'[d]ifferent people will have different interpretations of convenient or not convenient or the degrees of convenience that something refers to." Docket No. 174 at 27 (quoting Docket No. 108-3 at 143:9–13). Thus, Cypress Lake has presented no "clear error of law" as to the Court's holding on these terms.

9

### III.  CONCLUSION

Cypress Lake has failed to show the need to revisit the Court's holdings on any of the challenged terms based on a clear error of law or to prevent manifest injustice. Accordingly, the Court **DENIES** Cypress Lake's Motion to Reconsider.

So **ORDERED** and **SIGNED** this **23rd** day of **August, 2019.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE